```
                         United States Bankruptcy Court
                           Southern District of Iowa
In re:                                                              Case No. 14-02434-lmj
Danny P Gathercole                                                  Chapter 13
         Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0863-4          User: auto              Page 1 of 1              Date Rcvd: Nov 21, 2019
                              Form ID: 13180W         Total Noticed: 20


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 23, 2019.
db           +Danny P Gathercole,    3010 NE 44th Ct,    Des Moines, IA 50317-4024
802048039     Abendroth and Russell, P.C.,    2560 73rd Street,    Urbandale, IA 50322-4700
802048040    +Arrow Financial Services,    6201 15th Ave,    Brooklyn, NY 11219-5411
802048042    +Cherie Johnson,    808 13th street,    West Des Moines, IA 50265-3416
802048044     Iowa State,   E 7th & Locust,    Des Moines, IA 50309
802048045    +Iowa State Bank,    627 E Locust St,    Des Moines, IA 50309-1934
802048046     LHR Inc.,   56th Main Street,    Hamburg, NY 14075-4905
802048047    +Litow & Pech, P.C.,    PO Box 2165,   Cedar Rapids, IA 52406-2165
802048050    +Pech, Hughes, & McDonald,    PO Box 2165,    Cedar Rapids, IA 52406-2165
802048053     Wetsch & Abbott, P.L.C.,    974 73rd Street, Suite 20,    Des Moines, IA 50312

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
802048041      EDI: ACCE.COM Nov 22 2019 05:48:00      Assest Acceptance LLC,    PO Box 2036,
               Warren, MI 48090-2036
802057595     +E-mail/Text: kbooker@hosto.com Nov 22 2019 00:50:17       Converging Capital, LLC,    PO Box 3395,
               Little Rock, AR 72203-3395
802048043     +EDI: HFC.COM Nov 22 2019 05:48:00      HSBC Menards,    PO Box 703,   Wood Dale, IL 60191-0703
802048048     +E-mail/PDF: resurgentbknotifications@resurgent.com Nov 22 2019 00:54:17      LVNV Funding,
               PO Box 10497,   Greenville, SC 29603-0497
802064553     +E-mail/PDF: resurgentbknotifications@resurgent.com Nov 22 2019 00:53:58
               LVNV Funding LLC c/o Resurgent Capital Services,    P.O. Box 10675,    Greenville, SC 29603-0675
802051553     +EDI: MID8.COM Nov 22 2019 05:48:00      Midland Credit Management, Inc.,
               as agent for Asset Acceptance LLC,    PO Box 2036,   Warren, MI 48090-2036
802048049     +EDI: MID8.COM Nov 22 2019 05:48:00      Midland Funding LLC,    8875 Aero Drive Suite 200,
               San Diego, CA 92123-2255
802050314     +E-mail/Text: bkdesk@uiccu.org Nov 22 2019 00:50:13      U OF I COMMUNITY CREDIT UNION,
               PO BOX 800,   N LIBERTY, IA 52317-0800
802048051     +E-mail/Text: bkdesk@uiccu.org Nov 22 2019 00:50:13      UICCU,    PO Box 800,
               North Liberty, IA 52317-0800
802048052     +EDI: WFFC.COM Nov 22 2019 05:48:00      Wells Fago Bank, N.A.,    PO BOX 14469,
               Des Moines, IA 50306-3469
                                                                                               TOTAL: 10

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2019                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 21, 2019 at the address(es) listed below:
              Carol F Dunbar    ssteffen@iowachapter13.com, mcdunbar@cfu.net;cdunbar13dm@ecf.epiqsystems.com
              Deanna R Bachman    on behalf of Trustee Carol F Dunbar dbachman@iowachapter13.com
              Samuel Z Marks    on behalf of Debtor Danny P Gathercole office@markslawdm.com,
               andreaskr49092@notify.bestcase.com
              United States Trustee    USTPRegion12.DM.ECF@usdoj.gov
                                                                                              TOTAL: 4
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Danny P Gathercole | Social Security number or ITIN | xxx–xx–3834 |
| | First Name    Middle Name    Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN EIN | _ _ _ _ _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Southern District of Iowa | | |
| Case number: | 14–02434–lmj13 | | |

# Order of Discharge            12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Danny P Gathercole

11/21/19                                **By the court:**     Judge Lee M. Jackwig
                                                              United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**